IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALMONDNET, INC., and INTENT IQ, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MEDIAOCEAN LLC; FLASHTALKING INC.; INNOVID CORP.,<br><br>Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR PATENT INFRINGEMENT AGAINST
MEDIAOCEAN LLC, FLASHTALKING INC., and INNOVID CORP.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiffs AlmondNet, Inc. and Intent IQ, LLC (collectively, "AlmondNet" or "Plaintiffs") make the following allegations against Defendants Mediaocean LLC, Flashtalking Inc., and Innovid Corp. (collectively [1], "Defendants," or "Mediaocean"):

INTRODUCTION AND PARTIES

1. This complaint arises from Defendants' unlawful infringement of the following United States patents owned by Plaintiffs, which generally relate to novel internet / network based advertising systems and methods: United States Patent Nos. 11,949,962, 8,566,164, and 8,595,069,

---

[1] All allegations made herein against "Defendants" or "Mediaocean" are to be understood as allegations against both defendants both individually and collectively, given their operation as a "combined entity." *See* https://www.mediaocean.com/press-releases/2025/03/17/innovid-unified-brand-global-ad-tech; https://www.innovid.com/about-us/news/mediaocean-to-acquire-innovid (noting that "President of the combined ad tech organization" reports to "CEO & Founder of Innovid" who in turn "report[s] to Bill Wise, Co-Founder & CEO of Mediaocean").

1

(collectively, the "Asserted Patents"). Plaintiffs own all right, title, and interest in the Asserted Patents to file this case.

2. AlmondNet, Inc. is a corporation organized and existing under the laws of the state of Delaware, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101. Intent IQ, LLC is a Delaware limited liability company, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101. AlmondNet, Inc. and Intent IQ, LLC, are collectively referred herein as the "Plaintiffs."

3. Founded in 1998, AlmondNet has developed an extensive suite of industry-leading targeted advertising solutions and products, is focused on R&D and the licensing of its extensive portfolio of enabling technology and intellectual property covering numerous areas of the targeting landscape and ecosystem, including profile-based bidding, behavioral targeting, online and offline data monetization, addressable advertising, and multi-platform advertising.

4. Intent IQ is a leading company in the field of cross-device-based ad targeting, retargeting, audience extension, and attribution. IIQ's "Dynamic Device Map" identifies a given user across multiple device types, including laptops, desktops, smartphones, tablets, and televisions, so as to assist advertisers in delivering targeted ads to consumers on all of their screens. Intent IQ can facilitate ad targeting based on profile data aggregated from activity on any of a user's screens, as well as measure the impact of previously delivered ads on the same or different screen.

5. Mediaocean LLC is a corporation organized under the laws of the state of Delaware, with its principal place of business at 120 Broadway, 8th floor, New York, NY 10271. Mediaocean LLC may be served via its Delaware registered agent Corporation Service Company at 251 Little Falls Drive, Wilmington, DE 19808.

6.  Flashtalking Inc. is a corporation organized under the laws of the state of Delaware, with its principal place of business at 120 Broadway, 8th floor, New York, NY 10271. Flashtalking Inc. may be served via its Delaware registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. On information and belief, Mediaocean LLC acquired Flashtalking Inc. in 2021.

7.  Innovid Corp. is a corporation organized under the laws of the state of Delaware, with its principal place of business at 120 Broadway, 8th floor, New York, NY 10271. Innovid Corp. may be served via its Delaware registered agent Corporation Service Company at 251 Little Falls Drive, Wilmington, DE 19808. On information and belief, Mediaocean acquired Innovid Corp. in 2024.

## JURISDICTION AND VENUE

8.  This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.  This Court has personal jurisdiction over Defendants in this action because Defendants are incorporated under the laws of the state of Delaware, have committed acts within this District giving rise to this action, and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

10. Venue is proper in this District because Defendants are incorporated under the laws of the State of Delaware.

## FACTUAL ALLEGATIONS

11. AlmondNet placed Defendants on notice of the Asserted Patents.

12. On July 24, 2019, AlmondNet sent a notice letter to Mediaocean LLC identifying how Mediaocean infringes numerous patents in AlmondNet's portfolio, and explained how Mediaocean could contact AlmondNet to discuss licensing AlmondNet's patent portfolio. With respect to U.S. Patents 8,595,069 and 10,321,198 (the "'069" and "'198" patents, respectively), the notice letter specifically explained that "[b]ased on our investigation to date, Mediaocean's demand side platform ("DSP") service, which we understand is often marketed under the name or brand Lumina Prisma, and/or Spectra, infringes several patents owned by the AlmondNet Group, including at least the following: . . . U.S. Patent 8,595,069 (including at least claims 1-5 and 8-31) . . . [and] U.S. Patent 10,321,198 (including at least claims 1-5 and 8-33). . . . If Mediaocean wishes to discuss a license to the AlmondNet Group patents, please give myself or any of the following lawyers a call . . ." *See* Ex. 1 at 1-3. One of the exhibits attached to the notice letter describes DSP infringement of U.S. Patents 8,595,069 & 10,321,198. *See* Ex. 2 at 1("Exhibit D"). Exhibit D's discussion of the "**Infringement scenarios**" explained that "DSPs cause delivery of a targeted ad to an online device following an OTT ad presentation via a STB associated with the online device using a probabilistic device map"[2] and that "DSPs note user action on an online device and attribute it to a TV ad previously presented via a STB associated with the online device using a probabilistic device map." *Id.* The "**[b]rief explanation of infringement**" section from Exhibit D provided an overview of infringement for the '069 patent: "[t]he DSP computer system performs the patented method"; "The DSP computer receives a 'notification,' namely a 'tracking event' as

---

[2] As mentioned in the exhibit, "[t]he term 'OTT' stands for 'Over the Top or OTT' and refers to delivery of digital video to televisions via Internet-connected devices (or functionality within the television itself)."

a result of ad rendering via the STB. The 'tracking event' (notification) signifies presentation of a TV ad via STB, specifically an OTT video impression or a presentation progress measurement (reported using various techniques compatible with the VAST standard), when ads are streamed either to smart TVs or streaming devices (e.g., Roku, AppleTV, Amazon Fire, Google Chromecast). The notification includes an 'STB identifier,' such as Roku's 'RIDA' or AppleTV's 'advertisingIdentifier,' or an IP address"; "[t]he DSP computer performs either of two types of 'first action': (a) Causing a targeted ad to be delivered to the online device based on a particular type of tracking event . . . ; or (b) attributing user action on the online device to the presentation of the TV ad via the associated STB, which presentation is indicated by a particular type of tracking event . . ."; and "[t]he association of STB and online device is done without use of PII and based on common LAN, using probabilistic device maps, as shown in Yahoo claim charts related to U.S. Patent 8,677,398." *Id.* Exhibit D then explained that the difference between claim 1 of the '069 patent and claim 1 of the '198 patent "is that the 'common LAN' association is not required in part (c), but the 'no-PII' limitation remains. The nature of the infringement is parallel."[3] *Id.* No resolution was reached was reached as a result of this communication.

13. On October 25, 2019, AlmondNet sent another communication to Mediaocean again indicating that it infringes numerous patents in AlmondNet's portfolio, including the '069 and '198 patents, and again explaining how Mediaocean could contact AlmondNet to discuss licensing that portfolio. *See* Ex. 3. Again, no resolution was reached.

14. Mediaocean LLC subsequently acquired Flashtalking Inc. in 2021 and Innovid Corp. in 2024.

---

[3] Exhibit D inadvertently refers to the '198 patent as "U.S. Patent 8,595,069" in this discussion.

15. When acquiring Innovid, the Defendants described an intention for "Innovid [to] Merge with Flashtalking by Mediaocean to create a premier independent, omnichannel ad tech platform." *See* Ex. 4 (https://www.mediaocean.com/press-releases/2024/11/21/mediaocean-to-acquire-innovid). The Defendants explained "the combined organization will provide a broad array of complementary offerings, including ad delivery, creative personalization, measurement, and optimization across channels, including digital, social CTV, and linear TV." *Id*. As such, on information and belief, AlmondNet alleges each defendant jointly and/or individually infringes each of the asserted patents as explained below.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 11,949,962

16. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

17. Plaintiffs own all rights, title, and interest in U.S. Patent No. 11,949,962, titled "method and computer system using proxy IP addresses and PII in measuring ad effectiveness across devices," issued on April 2, 2024 ("the '962 patent"). A true and correct copy of the '962 patent is attached as Exhibit 5.

18. On information and belief, Defendants make, use, offer for sale, sell, and/or import the Accused Instrumentalities (including Mediaocean's advertising platform products and services) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '962 patent.

19. The infringement of the '962 patent is also attributable to Defendants. Defendants and/or users of the Accused Instrumentalities direct and control use of the Accused Instrumentalities to perform acts that result in infringement of the '962 patent, conditioning

benefits on participation in the infringement and establishing the timing and manner of the infringement.

20. Defendants' infringement has been and is willful. Through at least the filing and service of this Complaint, Defendants have had knowledge of, or were willfully blind to, the '962 patent and that the Accused Instrumentalities infringed. Despite Defendants' knowledge of or willful blindness to the '962 patent at least as a result of the filing and service of this Complaint, Defendants continued and still continue to infringe the '962 patent. In doing so, Defendants knew, or should have known, that their conduct amounted to infringement of the '962 patent. Accordingly, Defendants are liable for willful infringement.

21. The Accused Instrumentalities perform all claim limitations of one or more method claims of the '962 patent. A claim chart comparing independent method claim 1 of the '962 patent to a representative Accused Instrumentalities is attached as Exhibit 6, which is hereby incorporated by reference in its entirety.

22. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiffs and is liable for infringement of the '962 patent pursuant to 35 U.S.C. § 271.

23. As a result of Defendants' infringement of the '962 patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

24. Plaintiffs are entitled to past damages for Defendants' infringement of the '962 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiffs have only asserted method claims of the '962 patent.

25. Defendants' infringing activities have injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the '962 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 8,566,164

26. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

27. Plaintiffs own all rights, title, and interest in U.S. Patent No. 8,566,164, titled "targeted online advertisements based on viewing or interacting with television advertisements," issued on October 22, 2013 ("the '164 patent"). A true and correct copy of the '164 patent is attached as Exhibit 7.

28. On information and belief, Defendants make, use, offer for sale, sell, and/or import the Accused Instrumentalities (including Mediaocean's advertising platform products and services) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '164 patent.

29. The infringement of the '164 patent is also attributable to Defendants. Defendants and/or users of the Accused Instrumentalities direct and control use of the Accused Instrumentalities to perform acts that result in infringement of the '164 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

30. Defendants' infringement has been and is willful. Defendants knew of, or were willfully blind to, the '164 patent and that the Accused Instrumentalities infringed it long before

this suit was filed. For example, AlmondNet and Defendants communicated, e.g., in 2019, regarding AlmondNet's patent portfolio and Mediaocean's infringement of it. In these discussions, AlmondNet notified Mediaocean of the '198 patent at least as early as July 24, 2019. AlmondNet further notified Mediaocean that its DSP product infringes several of AlmondNet's patents. *See Supra* ¶12. AlmondNet's Exhibit D explained how at least the '198 patent is infringed. The '198 Patent claims priority to the '164 Patent and consequently is infringed for many of the same reasons as detailed in Exhibit D. On information and belief, Defendants knew of the '164 patent from at least AlmondNet's July 2019 disclosure to Mediaocean and of their infringement of the '164 patent from investigation of the '198 patent and their similarities. Alternatively, Defendants were made aware of a high probability that they infringe the '164 patent by AlmondNet making Mediaocean aware it infringed the '198 patent which claims priority to the '164 patent and deliberately failed to investigate that possibility. Despite Defendant's knowledge of or willful blindness to the '164 patent as a result of the 2019 communications as well as the filing of this complaint, Defendants continued and still continue to infringe the '164 patent. In doing so, Defendants knew, or should have known, that their conduct amounted to infringement of the '164 patent. Accordingly, Defendants are liable for willful infringement.

31.    The Accused Instrumentalities perform all claim limitations of one or more method claims of the '164 patent. A claim chart comparing independent method claim 1 of the '164 patent to a representative Accused Instrumentalities is attached as Exhibit 8, which is hereby incorporated by reference in its entirety.

32.    By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiffs and is liable for infringement of the '164 patent pursuant to 35 U.S.C. § 271.

33. As a result of Defendants' infringement of the '164 patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

34. Plaintiffs are entitled to past damages for Defendants' infringement of the '164 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiffs have only asserted method claims of the '164 patent.

35. Defendants' infringing activities have injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the '164 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,595,069

36. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

37. Plaintiffs own all rights, title, and interest in U.S. Patent No. 8,595,069, titled "systems and methods for dealing with online activity based on delivery of a television advertisement," issued on November 26, 2013 ("the '069 patent"). A true and correct copy of the '069 patent is attached as Exhibit 9.

38. On information and belief, Defendants make, use, offer for sale, sell, and/or import the Accused Instrumentalities (including Mediaocean's advertising platform products and services) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '069 patent.

39.     The infringement of the '069 patent is also attributable to Defendants. Defendants and/or users of the Accused Instrumentalities direct and control use of the Accused Instrumentalities to perform acts that result in infringement of the '069 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

40.     Defendants' infringement has been and is willful. Defendants knew of, or were willfully blind to, the '069 patent and that the Accused Instrumentalities infringed it long before this suit was filed. For example, AlmondNet and Mediaocean LLC communicated, e.g., in the 2019 time frame, regarding AlmondNet's patent portfolio and Mediaocean's infringement of it. In these discussions, AlmondNet notified Mediaocean of its infringement of the '069 patent at least as early as July 24, 2019. The notice letter explained that "[b]ased on our investigation to date, Mediaocean's demand side platform ("DSP") service, which we understand is often marketed under the name or brand Lumina, Prisma, and/or Spectra, infringes several patents owned by the AlmondNet Group, including at least the following: . . . U.S. Patent 8,595,069 (including at least claims 1-5 and 8-31). . . . If Mediaocean wishes to discuss a license to the AlmondNet Group patents, please give myself or any of the following lawyers a call . . ." *See* Ex. 1 at 1-3. One of the exhibits attached to the notice letter provided a discussion of the "**Infringement scenarios.**" *See* Ex. 2. Specifically, Exhibit D explained that "DSPs cause delivery of a targeted ad to an online device following an OTT ad presentation via a STB associated with the online device using a probabilistic device map"[4] and that "DSPs note user action on an online device and attribute it to a TV ad previously presented via a STB associated with the online device using a probabilistic

---

[4] As mentioned in the exhibit, "[t]he term 'OTT' stands for 'Over the Top or OTT' and refers to delivery of digital video to televisions via Internet-connected devices (or functionality within the television itself)."

device map." *Id.* The "**[b]rief explanation of infringement**" section of the discussion explained that "[t]he DSP computer system performs the patented method"; "The DSP computer receives a 'notification,' namely a 'tracking event' as a result of ad rendering via the STB. The 'tracking event' (notification) signifies presentation of a TV ad via STB, specifically an OTT video impression or a presentation progress measurement (reported using various techniques compatible with the VAST standard), when ads are streamed either to smart TVs or streaming devices (e.g., Roku, AppleTV, Amazon Fire, Google Chromecast). The notification includes an 'STB identifier,' such as Roku's 'RIDA' or AppleTV's 'advertisingIdentifier,' or an IP address"; "[t]he DSP computer performs either of two types of 'first action': (a) Causing a targeted ad to be delivered to the online device based on a particular type of tracking event . . . ; or (b) attributing user action on the online device to the presentation of the TV ad via the associated STB, which presentation is indicated by a particular type of tracking event . . ."; and "[t]he association of STB and online device is done without use of PII and based on common LAN, using probabilistic device maps, as shown in Yahoo claim charts related to U.S. Patent 8,677,398." *Id.* Despite Defendants' knowledge of or willful blindness to the '069 patent as a result of the 2019 communications as well as the filing of this complaint, Defendants continued and still continue to infringe the '069 patent. In doing so, Defendants knew, or should have known, that their conduct amounted to infringement of the '069 patent. Accordingly, Defendants are liable for willful infringement.

41.     Defendants also knowingly and intentionally induce infringement of claims of the '069 patent in violation of 35 U.S.C. § 271(b) by providing the Mediaocean Platform including but not limited to components such as Flashtalking's FTrack ID and Household ID, which are provided and specifically configured to infringe the asserted claims, to Mediaocean customers and partners in the United States, such as, e.g., header bidding partners that utilize components such

as Flashtalking's FTrack ID and Household ID. Defendants have had knowledge of, or were willfully blind to, the '069 patent and the infringing nature of the Accused Instrumentalities at least as early as July 24, 2019 when they received AlmondNet's communication identifying the '069 patent and explaining that Mediaocean infringe numerous patents in AlmondNet's portfolio, including the '069 patent, as set forth above. DSPs that utilize the FTrack ID and Household ID, such as Mediaocean's header bidding partners, directly infringe the '069 patent for the same reason as AlmondNet noted Mediaocean's DSP infringed in 2019. As such, Mediaocean knew or should have known that Mediaocean's header bidding partners and other FTrack ID and Household ID users use constituted infringement. Defendants actively instruct and encourage its customers and partners on how to use components such as the FTrack ID and Household ID. When used as instructed, Defendants' customers and partners use components such as the FTrack ID and Household ID to practice the method of claim 1 of the '069 patent and directly infringe the asserted method claims. *See e.g.* Ex. 10 at 24-30, 44-47. Defendants specifically intend that their actions will result in infringement of the asserted method claims of the '069 patent or subjectively believes that its actions will result in infringement of the asserted method claims, but took deliberate actions to avoid learning of the facts.

42.     Defendants have also infringed, and continue to infringe, method claims of the '069 patent by offering to commercially distribute, commercially distributing, making, and/or importing components of the Mediaocean platform such as the Flashtalking FTrack ID and Household ID, which embody a material part of the invention of the '069 patent. Mediaocean has knowledge of or is willfully blind to the fact that components of the Mediaocean platform such as the Flashtalking FTrack ID and Household ID are specifically made or adapted for use in an infringing manner, and there is no substantial non-infringing use to Mediaocean's provision of these

identifiers. Accordingly, Defendants have been, and currently are, contributorily infringing the '069 patent, in violation of 35 U.S.C. § 271(c).

43. The Accused Instrumentalities perform all claim limitations of one or more method claims of the '069 patent. A claim chart comparing independent method claim 1 of the '069 patent to a representative Accused Instrumentalities is attached as Exhibit 10, which is hereby incorporated by reference in its entirety.

44. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiffs and is liable for infringement of the '069 patent pursuant to 35 U.S.C. § 271.

45. As a result of Defendants' infringement of the '069 patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

46. Plaintiffs are entitled to past damages for Defendants' infringement of the '069 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiffs have only asserted method claims of the '069 patent.

47. Defendants' infringing activities have injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the '069 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter:

a. A judgment in favor of Plaintiffs that Defendants have infringed, either literally

       and/or under the doctrine of equivalents, each of the Asserted Patents;

b.    A judgment in favor of Plaintiffs finding pre-suit and post-suit willful infringement as to the '164 and '069 patents and post-suit willful infringement as to the '962 patent;

c.    A permanent injunction prohibiting Defendants from further acts of infringement of the Asserted Patents;

d.    A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the Asserted Patents;

e.    A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Plaintiffs, including without limitation, pre-judgment and post-judgment interest;

f.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees against Defendant; and

g.    Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

| | |
|---|---|
| Dated: April 1, 2025 | Respectfully submitted, |
| Of Counsel: | FARNAN LLP |
| Reza Mirzaie<br>Marc A. Fenster<br>Brian D. Ledahl<br>Adam S. Hoffman<br>James A. Milkey<br>Philip X. Wang<br>James Tsuei<br>Jonathan Ma<br>Joshua M. Scheufler<br>Daniel B. Kolko<br>RUSS AUGUST & KABAT<br>12424 Wilshire Boulevard 12th Floor<br>Los Angeles, California 90025<br>Tel: 310-826-7474<br>Fax: 310-826-6991<br>rmirzaie@raklaw.com<br>mfenster@raklaw.com<br>bledahl@raklaw.com<br>ahoffman@raklaw.com<br>jmilkey@raklaw.com<br>pwang@raklaw.com<br>jtsuei@raklaw.com<br>jma@raklaw.com<br>jscheufler@raklaw.com<br>dkolko@raklaw.com | */s/ Michael J. Farnan*<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>*Attorneys for Plaintiffs* |